**UNION PROPERTIES**, Inc., Appellant,

v.

Leslie R. **MONROE** et al., Appellees.

No. 12640.

United States Court of Appeals Sixth Circuit.

April 20, 1956.

Thomas V. Koykka, Cleveland, Ohio (Edwin A. Howe, Quentin Alexander, Arter, Hadden, Wykoff & Van Duzer, Cleveland, Ohio, on the brief), for appellant.

Saul S. Danaceau, Cleveland, Ohio (Frank T. Cullitan, Sheldon D. Clark, Cleveland, Ohio, on the brief), for appellees.

Before SIMONS, Chief Judge, and ALLEN and MARTIN, Circuit Judges.

PER CURIAM.

In this action, brought in the United States District Court for the Northern District of Ohio, Union Properties, Inc., challenged, as violative of the Four-teenth Amendment, the assessment of certain of its downtown real estate in Cuyahoga County at a substantially higher percentage of its actual value than was the assessment in that county of differently classified real estate—such as residential property—at less than fifty per cent of its actual value.

On motion, the complaint was dismissed for the reason that, no federal question being presented, the United States District Court lacked jurisdiction of the action.

It is quite apparent that, here, Ohio law provides a full, complete and adequate remedy to the appellant in the state courts. Indeed, before the present action was filed, appellant had instituted a complaint pursuant to section 5715.19 of the Revised Code of Ohio. For Ohio procedure, see, sections 5715.21, 5715.22, 5717.01, 5717.03, 5717.05, 5717.06, Revised Code of Ohio. By section 2723.01 of the Revised Code, the Courts of Common Pleas of Ohio may enjoin the illegal levy or collection of taxes and assessments, and may entertain actions to recover such taxes, when collected. See, further, sections 2723.03–2723.05.

The courts of Ohio are open to appellant to contest the alleged unlawful discrimination under Ohio taxing statutes; and, in the event that the highest court of Ohio should decide against it, appellant has the right to appeal to the Supreme Court of the United States upon an allegation that the Fourteenth Amendment to the Federal Constitution has been violated.

In the posture of the case as presented, we think United States District Judge Connell correctly ruled that the district court lacks jurisdiction.

The judgment is affirmed.